UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| ROBERT LEE DONALDSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) Nos. | 4:12-CR-33-HSM-CHS-1 |
| | ) | 4:16-CV-62-HSM |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 33].[1] The United States responded in opposition on July 29, 2016 [Doc. 36]; Petitioner replied in turn on August 4, 2016 [Doc. 37]. Recently, the United States filed a motion to deny and dismiss the petition based on an intervening decision of the Supreme Court [Doc. 39]. Petitioner did not respond in opposition to dismissal and the time for doing so has passed [Docs. 38, 41]. For the reasons below, the motion to deny and dismiss [Doc. 39] will be **GRANTED** and the petition [Doc. 33] will be **DENIED** and **DISMISSED WITH PREJUDICE**.

**I. BACKGROUND**

In 2013, Petitioner pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), which subjected him to a statutory penalty range of up to ten years' imprisonment under 18 U.S.C. § 924(a)(2) [Doc. 14]. He went on to "knowingly and voluntarily waive the

---

[1] On February 11, 2016, Federal Defender Services of Eastern Tennessee (FDSET) was appointed for the limited purpose of reviewing the case to determine whether or not Petitioner is eligible for collateral relief based on the *Johnson* decision. *See* E.D. Tenn. SO-16-02 (Feb. 11, 2016). Consistent with that appointment, FDSET filed the instant petition.

right to file any motions or pleadings pursuant to 28 U.S.C. § 2255," except for claims of ineffective assistance of counsel or prosecutorial misconduct [*Id.* ¶ 11(b)].

Based on a prior Tennessee conviction for aggravated burglary, the United States Probation Office enhanced Petitioner's offense level under Section 2K2.1(a)(4)(A) of the United States Sentencing Guidelines with a corresponding Guideline range of 63 to 78 months' imprisonment [Presentence Investigation Report (PSR) ¶¶ 11, 18–19, 55]. On July 16, 2013, this Court sentenced Petitioner to 70 months' imprisonment [Doc. 27]. No direct appeal was taken and Petitioner's conviction became final on July 30, 2013, at expiration of time to file an appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed).

The United States Supreme Court decided *Johnson v. United States*—invalidating the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)—on June 26, 2015. 135 S. Ct. 2551 (2015). Petitioner filed the instant petition for collateral relief less than one year later on June 20, 2016 [Doc. 33 (challenging his base offense level enhancement)].

On March 6, 2017, the Supreme Court issued *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 38]. On March 28, 2017, the United States filed a motion to dismiss Petitioner's *Johnson*-based

challenge in light of *Beckles* [Doc. 39]. Petitioner did not file a response in opposition to dismissal.

## I.     MOTION TO DISMISS WITH PREJUDICE

In addition to the petition, this Court is in possession of the United States' request to deny and dismiss Petitioner's collateral challenge to his base offense level enhancement in light of *Beckles*. Petitioner requested and this Court granted a two-week extension of time in which to respond [Docs. 38, 40, 41]. The time for doing so has now passed and this Court interprets the absence of any such response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought").

For the reasons discussed in detail below, the motion [Doc. 39] will be **GRANTED**

## II.    STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## III. ANALYSIS

Petitioner articulates a single ground for relief, arguing that *Johnson* removed aggravated burglary from Section 4B1.2's definition of "crime of violence" and that, without that conviction, he lacks sufficient predicate offenses for enhancement [Doc. 33].[2] The United States opposes relief for two reasons: Petitioner waived the right to collaterally challenge his sentence in his plea agreement; and regardless, Petitioner's Tennessee conviction for aggravated burglary remains a crime of violence in light of *Beckles* [Docs. 36, 39].

### A. Waiver

It is well established that an informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable. *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999); *United States v. McGlivery*, 403 F.3d 361, 363 (6th Cir. 2005). The Sixth Circuit

---

[2] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual §4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

recently held that the same is true even where that waiver prevents a petitioner from challenging his base offense level or career offender enhancement based on *Johnson*. *See In re Garner*, No. 16-1655, 2016 WL 6471761, at *1–2 (6th Cir. Nov. 2, 2016) (denying leave to file a successive petition challenging career offender enhancement based on *Johnson* where defendant voluntarily waived his right to raise collateral challenges).

In an attempt to avoid dismissal, Petitioner cites *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), which held that stipulating to career offender designation in a plea agreement did not result in forfeiture of the right to subsequently challenge that enhancement based on *Johnson* [Doc. 37 p. 1]. Essentially, Petitioner asks the Court to finds that he, like Mr. McBride, "could not have intentionally relinquished a claim based on [a decision] . . . decided after his sentencing." 826 F.3d at 295 [*Id.*]. Petitioner's reliance on the *McBride* decision is misplaced because, as Judge Sutton explained in *In re Garner*, "the defendant[] in [that case] did not sign [a] plea agreement[] with provisions waiving [his] appellate and collateral review rights." 2016 WL 6471761, at *2.

"The Federal Rules of Criminal Procedure give the parties ample room to tailor plea agreements to different needs—whether they are the right to appeal, the right to benefit from future changes in the law or other concerns that the defendant . . . may have." *United States v. Bradley*, 400 F.3d 459, 466 (6th Cir. 2005). For purposes of the instant case, Petitioner "knowingly and voluntarily" waived his right to collaterally challenge his sentence with the exception of cases which involve claims of ineffective assistance or prosecutorial misconduct [Doc. 14 ¶ 11(b)]. The fact that "developments in the law [have] expand[ed] [Petitioner's forfeited] right [of collateral review] . . . does not suddenly make [his] plea involuntary or unknowing or otherwise undo its binding nature." *United States v. McGlivery*, 403 F.3d 361,

5

363 (6th Cir. 2005). In light of the binding nature of Petitioner's wavier, the instant § 2255 motion will be dismissed. *Accord United States v. Avery*, No. 3:16-cv-2, 2016 WL 7467967, at *4–6 (S.D. Ohio Dec. 28, 2016) (denying *Johnson*-based challenge based on pre-*Johnson* waiver); *United States v. Strauss*, No. 16-cv-11397, 2016 WL 68733398, at *2–3 (E.D. Mich. Nov. 2, 2016) (same); *United States v. Muller*, No. 16-cv-20009, 2016 WL 6892268, at *2–3 (E.D. Mich. Nov. 2, 2016) (same).[3]

### B. Merits of *Johnson*-Based Guideline Challenge

Even if the waiver contained in his plea agreement did not bar Petitioner's challenge, it would fail because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894. As such, the *Johnson* decision does not justify the collateral relief that Petitioner requests.

### IV. CONCLUSION

For the reasons discussed above, the United States' motion to deny and dismiss [Doc. 39] will be **GRANTED** and Petitioner's § 2255 motion [Doc. 33] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will

---

[3] While this Court recognizes that courts within this district have repeatedly stated that it is "far from clear" that waiver of the right to collaterally challenge a sentence can be enforced to bar challenges based on the *Johnson* decision, *Mefford v. United States*, No. 3:15-cv-575, 2016 WL 1737094, at *1, n. 1 (E.D. Tenn. May 2, 2016); *Cox v. United States*, No. 3:15-cv-362, 2016 WL 552350, at *1, n. 1 (E.D. Tenn. Feb. 10, 2016); *Nance v. United States*, 3:15-cv-387, 2016 WL 527193, at *1, n. 1 (E.D. Tenn. Feb. 9, 2016), each of those cases alleged improper categorization under the ACCA. Unlike mistaken enhancement under the ACCA, improper career offender or base offense level enhancement does not result in a sentence "in excess of the maximum authorized by law." *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *14 (W.D. Ky. Nov. 7, 2008) (explaining that knowing and voluntary waivers are enforceable so longs as they do not result in a miscarriage of justice and that a miscarriage of justice arises where the sentence imposed exceeds the statutory maximum permissible).

**DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

  **ORDER ACCORDINGLY.**

                */s/ Harry S. Mattice, Jr.*
                HARRY S. MATTICE, JR.
                UNITED STATES DISTRICT JUDGE